UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CESAR R. SANTELISES, <br> TDCJ No. 01923094, <br>     Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br>     Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | SA-17-CA-615-XR |

## DISMISSAL ORDER

Before the Court is pro se Petitioner Cesar Santelises's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docket Entry 1), as well as his Response to the Court's Show Cause Order (Docket Entry 6). For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed with prejudice as barred by the one-year statute of limitations embodied in § 2244(d). Petitioner is also denied a certificate of appealability.

## Background

In April 2014, Petitioner pleaded guilty to the offense of aggravated assault and was sentenced to fifty years of imprisonment. *State v. Santelises*, No. 2013-CR-2907 (290th Dist. Ct., Bexar Cnty., Tex. Apr. 2, 2014). Because his plea bargain agreement waived his right to appeal, the Fourth Court of Appeals dismissed Petitioner's appeal in June 2014. *Santelises v. State*, No. 04-14-278-CR (Tex. App.—San Antonio, June 25, 2014, no pet.). Petitioner then waited until July 16, 2015, to file to a state habeas corpus application challenging his conviction, which was ultimately denied without written order on September 7, 2016. *Ex parte Santelises*, No. 85,156-01 (Tex. Crim. App.).

Petitioner placed the instant federal habeas petition in the prison mail system on June 28, 2017. In the § 2254 petition, Petitioner alleges his trial counsel rendered ineffective assistance by failing to follow through once the trial court granted the defense's motion for a mental health expert. Without the assistance of a mental health expert, Petitioner contends, he was unable to understand the details of his plea bargain agreement, which rendered his guilty plea involuntary.

## Timeliness Analysis

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final July 25, 2014, when his time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a petition for discretionary review must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition

challenging his underlying guilty plea and conviction expired a year later on July 25, 2015, unless it is subject to either statutory or equitable tolling.[1]

A. **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

However, Petitioner does qualify for tolling under § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner filed his state habeas petition July 16, 2015, and was later denied September 7, 2016. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that the pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities). Accordingly, the state habeas application tolled the limitations period for 420 days, making Petitioner's federal petition due on September 17, 2016. Because he did not file his § 2254 petition until June 28, 2017—over eight months after the limitations period expired—his petition is barred by the one-year statute of limitations.

---

[1] Although Petitioner argues the Court incorrectly calculated his final conviction date by using the date his appeal was dismissed as opposed to the date the mandate issued from the court of appeals, Fifth Circuit precedent clearly indicates the mandate date is irrelevant for limitations purposes. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (holding "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A).").

B. **Equitable Tolling**

Despite being given the opportunity to establish why his petition should not be dismissed as untimely (Docket Entry 4), Petitioner has failed to provide this Court with a valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner contends that he is entitled to equitable tolling because he diligently attempted for four months—from August 2014 until December 2014—to obtain a copy of the trial court records to assist in preparing his federal petition. Petitioner admits he received the record from his trial counsel in December 2014, yet his federal petition was not due until September 17, 2016, over twenty-one months later. Petitioner fails to demonstrate how the short period of time he was without records stood in the way of timely filing his petition, much less that he diligently pursued once the records were obtained. Moreover, the lack of access to state court records by an inmate does not present the "rare and exceptional" circumstances that would warrant equitable tolling. *See Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling); *see also Roughley v. Cockrell*, No. 01–11378, 2002 WL 1899622 (5th Cir. July 12,

2002) (unpublished) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, No. 99–40878, 2000 WL 1029201 (5th Cir. July 14, 2000) (unpublished) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records).

Petitioner also contends his untimeliness should be excused because he was admitted to a mental hospital following a suicide attempt on February 1, 2015, and he was unable to work on his petition until his release sometime in June 2015. Assuming these dates are correct, however, Petitioner was only incapacitated for five months at the most, and still had over fourteen months following his release to timely file a petition. Thus, he fails to establish that his hospitalization in early 2015 stood in the way of filing a petition or that he diligently pursued relief once he was released. Furthermore, a claim of mental incapacity does not automatically entitle the petitioner to equitable tolling. *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999). Mental incapacity may support equitable tolling "if the mental impairment precluded the prisoner from asserting his legal rights." *Id.* But to qualify for equitable tolling, the prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights. *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights). Petitioner has presented no factual support for his assertion that he was unable to accomplish any legal work while he was at the mental health hospital. Equitable tolling is therefore unavailable for this period of time.

Finally, Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d

361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Santelises's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Santelises's § 2254 petition (Docket Entry 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED.**

**SIGNED** this the 12th day of September, 2017.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**